UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIELLE J.,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN J. O'MALLEY, Commissioner ) <br> of the Social Security Administration,[2] ) <br> ) <br> Defendant. ) | Case No. 22-cv-4145 <br><br> Magistrate Judge Keri L. Holleb Hotaling |

# MEMORANDUM OPINION AND ORDER

Plaintiff Danielle J. ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). The Parties have filed cross motions for summary judgment.[3] As detailed below, Plaintiff's Motion for Summary Judgment (Dkt. 18) is GRANTED and Defendant's motion (Dkt. 23) is DENIED. The case is remanded for further proceedings consistent with this opinion.

**1. Social Security Regulations and Standard of Review**

A court's scope of review in disability cases is limited to deciding whether the final decision of the Commissioner is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] On December 23, 2023, Martin J. O'Malley was sworn in as Commissioner of the Social Security Administration; pursuant to Federal Rule of Civil Procedure 25(d)(1), he is substituted for his predecessor, Kilolo Kijakazi, as the proper defendant for this action.

[3] The Court has construed "Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security" (Dkt. 18) as a motion for summary judgment.

Commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks either sufficient evidentiary support or an adequate discussion of the issues, is undermined by legal error, or "is so poorly articulated as to prevent meaningful review." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *Steele*, 290 F.3d at 940; *see also* 42 U.S.C. § 405(g).

**2.    Procedural Background**

On July 7, 2020, Plaintiff filed a claim for DIB with an alleged onset date of January 4, 2017. (Administrative Record ("R.") 19.) Plaintiff's claim was denied initially and upon reconsideration, after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Subsequently, on September 29, 2021, the ALJ issued a decision finding Plaintiff was not disabled under the Social Security Act. (R. 19-37.) The Appeals Council accepted review of this decision, and on June 6, 2022, issued a similarly unfavorable written decision (R. 1-9), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the district court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff, through counsel, filed the instant action on August 8, 2022, seeking review of that decision. (Dkt. 1.) This matter was assigned to Judge Holleb Hotaling when she assumed the federal bench on August 10, 2023. (Dkt. 26.)

**3.    Discussion**

The ALJ in the instant matter wrote a generally comprehensive, well-supported opinion. However, there is one issue raised by Plaintiff that gives the Court pause and cannot be excused as

harmless error.[4] In drafting the RFC, the ALJ skipped the State Agency psychological consultants' opinions that Plaintiff had multiple moderate and two marked mental limitations and addressed only the summation of those consultants' findings; the resulting RFC neither mentioned nor accounted for Plaintiff's opined limitations.

State Agency consultants are "doctors [who conduct] early screenings of cases…These screenings do not involve examinations and because they are usually done early in the process, are typically based on limited medical records." *Welch v. Colvin*, No. 3:14-cv-141, 2015 WL 1720219, at *4 (N.D. Miss. Apr. 15, 2015). The SSA retained two State Agency psychological consultants in this matter, Larry Kravitz, Ph.D. and Howard Atkins, Ph.D., who evaluated Plaintiff in conjunction with her disability application at the initial and reconsideration levels, respectively.[5] (R. 64-76, 78-94.) In relevant part, these psychologists found moderate mental limitations in the following areas: the ability to maintain attention and concentration for extended periods; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 73-74, 89-90.) Dr. Atkins also found Plaintiff markedly limited in understanding, remembering, and carrying out detailed instructions. (R. 73.) The ALJ failed to mention these opined moderate or marked limitations when crafting Plaintiff's RFC.

---

[4] To the extent the Commissioner argues Plaintiff waived this argument [Dkt. 24, p. 4], the Court finds Plaintiff adequately raised this issue [Dkt. 18, p. 6].

[5] At different points in her opinion, the ALJ describes the opinions of the State Agency psychological consultants as "persuasive" (R. 26) and "somewhat persuasive." (R. 34.) This may be explained by the fact these consultants offered opinions on both Plaintiff's mental and physical limitations. (R. 64-76, 78-94.) The Court surmises the ALJ found the mental components of the psychological consultants' opinions "persuasive" (calling them "well-supported") but did not find the physical components of their opinions to be persuasive, (*i.e.*, the "State Agency consultants did not consider nor evaluate the claimant's physical impairments and offered no physical residual functional capacity limitations"), and thus labeled their opinions as a whole "somewhat persuasive.". (R. 26, 34.) The ALJ is encouraged to address this inconsistent language on remand.

Instead, in composing the RFC, the ALJ mentioned only the summaries Drs. Atkins and Kravitz provided at the end of their opinions. In the "MRFC – Additional Explanation" section of his report, Dr. Atkins sums up his findings as follows:

> The totality of evidence suggests that the clmt is not precluded from all work-related activities. Available data suggests the clmt is able to carry out simple instructions, follow simple work-like procedures and make simple work-related decisions, respond appropriately to supervision, coworkers and work situations and deal with changes in a routine work setting if introduced gradually.

(R. 74.) In the "MRFC – Additional Explanation" section of his report, Dr. Kravitz sums up his findings as follows: "Clmt retains the ability to perform at least simple, routine, works tasks mentally." (R. 91.) The ALJ quoted and relied on Dr. Kravitz's opinion that Plaintiff "retains the ability to perform at least simple, routine work tasks mentally" and Dr. Atkins's opinion that Plaintiff "is able to carry out simple instructions, follow simple work-like procedures and make simple work-related decisions, respond appropriately to supervision, coworkers and work situations and deal with changes in a routine work setting if introduced gradually." (R. 34.)

Yet the ALJ neither mentioned nor addressed the moderate or marked limitations Drs. Kravitz and Atkins found. "A moderate impairment is not the same as no impairment at all, and moderate limitations must be accounted for in an RFC finding." *William Z. v. Kijakazi*, No. 21-cv-6785, 2023 WL 6290574, at *6 (N.D. Ill. Sept. 27, 2023) (cleaned up) (citing, *inter alia*, *Jaramillo v. Colvin*, 576 Fed.Appx. 870, 876 (10th Cir. 2014)). Under the applicable regulations, a moderate limitation means a claimant's ability to function during the workday is 'fair' – while not 'bad' or 'inadequate,' fair suggests *some* limitation, which must be addressed. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(2)(c); *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021). In addition to moderate limitations, "marked" limitations are another category of limitations that must be addressed by an ALJ. A marked limitation is an impairment that "interferes seriously with [the claimant's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The ALJ simply

4

did not address the moderate limitations found by the State Agency consultants, to say nothing of Dr. Atkins's opinions that Plaintiff was markedly limited in some domains.

This cannot be excused by the ALJ's parroting portions of the doctors' summary narratives. An "ALJ may rely on a doctor's narrative RFC, rather than the [underlying] checkboxes,[6] where that narrative adequately encapsulates and translates those worksheet observations." *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015). Here, however, the final narrative explanations in both Dr. Kravitz's and Dr. Atkins's respective reports failed to account for the underlying moderate and/or marked mental health limitations they opined on earlier in their respective reports. The ALJ failed to acknowledge, much less resolve any disagreement with, either consultant's opined moderate or marked limitations and the RFC. *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019) (while ALJ may rely on the narrative opinion of the State Agency consultants as the basis of RFC assessment, she may not ignore limitations consultants find in completing the worksheet in preparation of offering that narrative opinion); *Varga*, 794 F.3d at 816 (State Agency consultant's mental RFC findings are part of the medical records, and they cannot simply be ignored by an ALJ). In cases like this where an ALJ credits evidence from the State Agency reviewing experts but inexplicably omits limitations they found from the plaintiff's RFC, courts consistently find reversible error. *See e.g.*, *Sabrina W. Kijakazi*, No. 20-cv-2445, 2022 WL 2132707 (N.D. Ill. June 14, 2022) (reversible error where ALJ failed to account for evidence from State Agency reviewers that claimant had moderate limitations in maintaining attention and concentration for extended periods); *Harry P. v. Kijakazi*, No. 19-cv-3107, 2022 WL 1541416 (N.D. Ill. May 16, 2022) (reversible error where ALJ did not account for moderate

---

[6] In discussing such issues, courts frequently refer without explanation to "checkbox" worksheets filled out by agency psychological consultants. *See*, *e.g.*, the cases cited in this paragraph: *Varga*, 794 F.3d 809; *Sabrina W.*, 2022 WL 2132707; *Harry P.*, 2022 WL 1541416; *Kenneth P.*, 2019 WL 4958245; *Dominick M.*, 2023 WL 6362795. Although it is unclear whether the mental residual functional capacity evaluations in question here are same type of "checkbox" worksheets referenced in those cases, the discussion is apt to the error in this case. The psychologists' underlying findings were part of their opinions that should have been adequately addressed by the ALJ regardless of whether they were accurately summarized by each of the psychologists at the end of his respective report.

limitations from reviewing worksheet and noting that "courts in this Circuit have routinely rejected similar attempts by the Commissioner to save a deficient ALJ opinion by pointing to reviewing consultants' bottom-line conclusions"); *Kenneth P. v. Saul*, No. 18-cv-3346, 2019 WL 4958245, at *10 (N.D. Ill. Oct. 8, 2019) (moderate limitations from reviewer's worksheet must be properly accommodated); *Dominick M. v. Comm'r of Soc. Sec.*, No. 3:22-cv-737, 2023 WL 6362795, at *7 (S.D. Ill. Sept. 29, 2023) (ALJs "need to account for moderate limitations as legitimate medical evidence when the narrative fails to incorporate these limitations.").

The Court cannot categorize the ALJ's focus on a small narrative portion of the consultants' opinions while excluding from the RFC discussion the specific limitations they found as a harmless error because there is insufficient evidence that the ALJ considered all of Plaintiff's impairments when formulating her RFC (including formulating her hypothetical questions to the VE accounting for all of Plaintiff's limitations supported by the medical record). *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."). The Court is not convinced the result would be the same if the ALJ had considered the opined moderate and marked limitations and, in fact, "she might well have reached a different conclusion." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). The Court must remand for consideration of the entirety of the State Agency reviewers' opinions.[7]

**4.      Conclusion**

For the foregoing reasons, the Court reverses and remands for further proceedings consistent with this Memorandum Opinion and Order. Although the Court has not specifically addressed any other grounds raised by Plaintiff, the Court understands Plaintiff may face a tough road on remand to

---

[7] Plaintiff has not raised any "Paragraph B" error, so the Court has not analyzed this issue, but in light of the Court's rulings herein, a new Paragraph B assessment may be appropriate upon remand.

prove her disability based on the general strength of the ALJ's September 29, 2021 decision. Plaintiff's Motion for Summary Judgment (Dkt. 18) is GRANTED and Defendant's motion (Dkt. 23) is DENIED.

**ENTERED: February 26, 2024**

                              Hon. Keri L. Holleb Hotaling,
                              United States Magistrate Judge